**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Kenneth Forrence, et al.

   v.                                  Case No. 19-cv-280-LM

Paul Koch, et al.

**REPORT AND RECOMMENDATION**

     Defendant Paul Koch removed this civil action from the Hillsborough County (N.H.) Superior Court, Southern Division, asserting federal question and diversity jurisdiction. See Notice of Removal (Doc. No. 1). Before the court for preliminary review are Koch's Notice of Removal and attachments thereto. See LR 4.3(d)(2); 28 U.S.C. §§ 1447(c).

**Subject Matter Jurisdiction**

     A case may be removed to federal court if this court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). This court has authority to consider, sua sponte, whether it has jurisdiction over a removed case. See York v. Day Transfer Co., 525 F. Supp. 2d 289, 295 (D.R.I. 2007); see also Am. Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1258 (1st Cir. 1993) (court is obliged to address propriety of removal as threshold matter). In the context of

disputes over removal jurisdiction, it is the removing defendant's burden to show that removal was proper. See Fayard v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008); see also Acosta-Ramirez v. Banco Popular de P.R., 712 F.3d 14, 20 (1st Cir. 2013). "Furthermore, the removal statute should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action." In re Pharm. Indus. Average Wholesale Price Litig., 431 F. Supp. 2d 109, 116 (D. Mass. 2006). Remand to the state courts is required if, at any time, it appears that the district court lacks jurisdiction over the case. See 28 U.S.C. § 1447(c).

This court previously remanded this case due to lack of subject matter jurisdiction. See Forrence v. Koch, Civ. No. 18-cv-134-LM, 2018 DNH 140 (D.N.H. July 9, 2018). Judge McCafferty found neither diversity nor federal question jurisdiction. Id. at 4-8. The instant removal notice, filed roughly eight months after the earlier remand order, is identical in every relevant respect to the one defendant previously filed. The result should be no different.

**Conclusion**

For the foregoing reasons, the district judge should remand this action to the state court for lack of removal jurisdiction.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                    /s/ Andrea K. Johnstone
                                    Andrea K. Johnstone
                                    United States Magistrate Judge

April 19, 2019

cc: All pro se parties and counsel of record